UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-432-GCM
(3:99-cr-194- GCM -1)

| | |
|---|---|
| BOBBY LEE BROADDUS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). In a Supplement to the Motion to Vacate, Petitioner seeks alternative relief under 28 U.S.C. § 2241, or under the writs of coram nobis or audita querela, (Doc. No. 4). Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina. Petitioner claims, in light of the United States Court of Appeals for the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), that he was erroneously sentenced as a career offender under United States Sentencing Guidelines § 4B1.1.

I. BACKGROUND

On October 11, 2000, Petitioner pled guilty, pursuant to a plea agreement, to armed bank robbery, in violation, of 18 U.S.C. § 2113(d); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). (Criminal Case No. 3:99-cr-194, Doc. No. 26: Plea Agreement; Doc. No. 27: Entry and Acceptance of Guilty Plea). With respect to the sentence, the parties agreed that if the probation officer determined that Petitioner qualified as a

1

career offender or armed career criminal, then "that provision will be used in determining the sentence," and that the sentence would be within the applicable guidelines range. (Id., Doc. No. 26 at 2). In exchange for the concessions made by the Government, Petitioner waived the right to appeal or collaterally attack his conviction and sentence, with the exception of claims of ineffective assistance of counsel and prosecutorial misconduct. (Id. at 4).

At his plea hearing, conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Petitioner affirmed that he fully understood the charges against him, including the associated maximum penalties, and admitted that he was in fact guilty of the charges. (Id., Doc. No. 27 at 2-3). Petitioner also acknowledged that he had waived the right to appeal or challenge his conviction and sentence in a post-conviction proceeding in his plea agreement. (Id. at 3). Based on the representations and answers provided by Petitioner, the magistrate judge found that Petitioner's plea was knowingly and voluntarily made and accepted it. (Id. at 4).

In the presentence report, the probation officer advised that Petitioner qualified as a career offender under § 4B1.1 in light of his prior North Carolina convictions for assault with a deadly weapon and possession with intent to sell and deliver cocaine. (Id., Doc. No. 34 at 5: PSR).[1] Because Petitioner qualified as a career offender, the probation officer recommended a guidelines range of 188 to 235 months based on a total offense level of 31 and a criminal history category of VI, to be followed by a 7-year mandatory consecutive sentence for his conviction under § 924(c). (Id. at 13).

Consistent with the presentence report, on June 13, 2001, this Court sentenced Petitioner to 188 months for the armed bank robbery conviction, 120 months to run concurrently for the possession of a firearm by a felon conviction, and 7 years for the possession of a firearm in

---

[1] The PSR is sealed and is not accessible through this Court's ECF system; therefore, the Court is relying on the parties' representations here regarding the statements in the PSR.

furtherance of a crime of violence conviction, to run consecutively to the other counts. (Id., Doc. No. 32: Judgment). This Court entered judgment on June 19, 2001, and Petitioner filed a timely notice of appeal. (Id., Doc. No. 33: Notice of Appeal). The Fourth Circuit affirmed in an unpublished opinion, issuing its mandate on September 17, 2002. (Id., Doc. No. 40: Mandate). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

On July 16, 2012, Petitioner filed the instant motion to vacate under § 2255, contending that he was erroneously sentenced as a career offender because his prior North Carolina conviction for possession with intent to sell and deliver cocaine no longer qualifies as a felony in light of Simmons. (Doc. No. 1). Petitioner has since filed two amendments to his motion to vacate, supplementing his argument under § 2255 and adding alternative bases for relief. (Doc. Nos. 4; 5). This Court ordered the Government to respond in an order issued September 6, 2013. (Doc. No. 6). The Government has submitted its response and this matter is ripe for disposition. (Doc. No. 9).

**II.  STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record, the Court finds that this matter can be resolved without a response from the Government and without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.  DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a

one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's judgment became final ninety days after the Fourth Circuit issued its mandate on September 17, 2002, when his time for filing a petition seeking a writ of certiorari from the Supreme Court expired. See Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner's motion, filed on July 16, 2012, is therefore untimely under the one-year statute of limitations. Petitioner argues, however, that the petition is timely under § 2255(f)(4), which provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner asserts that the holding in Simmons that the predicate felony used to support his enhanced sentence is no longer a qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period. "Facts" as used in § 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial § 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be

the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because § 2255(f)(4) does not serve to re-open the time period for filing an initial § 2255 under these circumstances, it does not render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under § 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.

Finally, even if this Court were to apply equitable tolling Petitioner would still not be entitled to Simmons relief because he received a sentence that was less than the statutory maximum sentence allowed even without the sentencing enhancement. See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part); 28 U.S.C. § 2255(a) (providing for attack of sentence that is in excess of that maximum as authorized by law). In sum, the petition is time-barred.

Next, as the Court noted previously, in a Supplement to the motion to vacate, Petitioner asserts 28 U.S.C. § 2241 and the writs of coram nobis and audita querela as alternative grounds for relief from Petitioner's sentence. Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief. First, as to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th

5

Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his federal drug convictions; rather, he challenges his sentence which he contends was based on a prior state court drug conviction that he asserts is no longer properly considered in calculating a sentencing enhancement.[2] As Petitioner challenges his sentence only, he has failed to demonstrate that pursuit of relief through § 2255 is inadequate. Moreover, as the Court has observed, without consideration of the prior state court drug conviction, Petitioner was still sentenced to a term of imprisonment within the maximum. For all these reasons, Petitioner is not entitled to alternative relief under § 2241.

Next, to the extent that Petitioner seeks alternative grounds for relief in the form of writs of coram nobis and audita querela, the Fourth Circuit recently described the writs of coram nobis and audita querela as follows:

> A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The remedy is limited, however,

---

[2] The Court recognizes that Petitioner contends in one of the supplements to his motion to vacate that he is entitled to relief under the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). See (Doc. No. 5). Alleyne does not help Petitioner, however, because the Supreme Court has not held that Alleyne is retroactive on collateral review. In any event, Alleyne held that most facts that increase a mandatory sentence must be submitted to the jury. Alleyne did not disturb the Supreme Court's prior holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that a judge may find the fact of a prior conviction for the purpose of sentence enhancements. See Alleyne, 133 S. Ct. at 2160 n.1.

6

> to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.
>       Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). Torres, 282 F.3d at 1245; United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

United States v. Sessoms, No. 12-7316, 2012 WL 5520311 (4th Cir. Nov. 15, 2012). Here, Petitioner is obviously in custody pursuant to his convictions, and he had the opportunity to challenge his convictions and sentence in a § 2255 motion. Therefore, the writ of coram nobis is not available to Petitioner. Furthermore, the fact that a § 2255 motion is time-barred does not create a "gap" that warrants extraordinary relief under the writ of audita querela. See United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992).

In addition to the fact that the Section 2555 petition is time-barred and without merit, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or

7

involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal for this additional reason even if it were not time-barred.

### IV. CONCLUSION

In sum, Petitioner's Section § 2255 motion to vacate is time-barred. Furthermore, he is not entitled to alternative relief under § 2241 or the writs of coram nobis or audita querela.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**, and the § 2255 petition is **DISMISSED** as time-barred. Furthermore, Petitioner is not entitled to alternative relief under § 2241 or either the writs of coram nobis or audita querela.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 6, 2013

Graham C. Mullen
United States District Judge